**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| JOHN HOLCOMB, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )    Case No. _____ |
| RELX INC., a Massachusetts Corporation, | ) |
| TIMOTHY S. HINTZ, | ) |
| JOHN DOES 1–2, and JANE DOES 1-2, | ) |
| | ) |
|     Defendants. | |

_____

**NOTICE OF REMOVAL**
_____

Defendants, RELX Inc., a Massachusetts corporation ("RELX") and Timothy S. Hintz, a RELX employee and citizen of Colorado ("Mr. Hintz") (collectively, the "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal to remove the instant civil action to this Court.

In support thereof, Defendants respectfully state as follows:

### I.    INTRODUCTION

1. The above named Plaintiff, John Holcomb ("Mr. Holcomb" or "Plaintiff"), acting on his own behalf and as his own Colorado licensed attorney (Atty. Reg. #: 29247), recently served RELX with a summons ("Summons") and a complaint ("Complaint") (collectively, the "Action") (*see* Exhibit A).[1]

---

[1] Although the Complaint references Exhibits 1-7, Exhibit 5 was missing from the version of the Complaint served on RELX.

1

2.      Although the Summons and Complaint were served on RELX, the Complaint was captioned as a not-yet-filed lawsuit which, if filed, would be pending in "County Court, El Paso County, Colorado" ("State Court").

3.      The allegations in the Complaint arise from a few telephone calls that Mr. Hintz, in his capacity as a RELX employee, allegedly made to Mr. Holcomb and which Mr. Holcomb's Complaint asserts violated certain provisions of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") as well the Colorado No-Call List Act, Colo. Rev. Stat. § 6-1-901 through § 6-1-908.

4.      Approximately two weeks after service of the Complaint, Mr. Holcomb served RELX with an amended summons, accompanied by a letter representing that Mr. Holcomb intends to file the Complaint in State Court on or about October 25, 2021 (*see* Exhibits B, D).

5.      Because Mr. Holcomb's Complaint raises claims against Defendants that are based on purported violations of the TCPA, the Complaint presents a federal question. Accordingly, original jurisdiction lies in this Court, thereby constituting a proper basis for removal.

6.      In addition, RELX files this Notice of Removal despite the Complaint not having been filed in State Court because case law and the federal removal statute, 28 U.S.C. § 1446, indicates that a notice of removal must be filed within thirty days of service of the summons and complaint, notwithstanding the fact that the lawsuit may not have been filed in state court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed <u>within 30 days after the receipt by the defendant, through service</u> or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"); *Melvin v. Kingsolver*, No. C12-5401 RJB, 2012 U.S. Dist. LEXIS 202543, at *10 (W.D. Wash.

June 12, 2012) ("According to [Washington] state law [service of a summons and complaint] commenced the action and it was subject to removal. . . . There is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal."); Colorado Rules of Civil Procedure, Rule 3 ("A civil action is commenced (1) by filing a complaint with the court, or (2) by service of a summons and complaint. …") (emphasis added).

7. Because this Notice of Removal is being filed within thirty days after service of the Complaint and Summons on RELX, removal is timely and proper, notwithstanding that fact that Mr. Holcomb has not yet filed the Action in State Court.

## II.   STATE COURT COMPLAINT

8. On September 16, 2021, Plaintiff, Mr. Holcomb, acting *pro se* and as his own licensed Colorado attorney, served via U.S. Postal Service Priority Mail upon RELX's registered agent (*see* Exhibit C), a summons and Complaint naming as defendants RELX, Mr. Hintz and unknown defendants (*see* Exhibit A).

9. As noted *supra*, the Complaint was captioned as an action in "County Court, El Paso County, Colorado" State Court, styled *John Holcomb v. RELX, Inc. et al*. The Summons set forth October 20, 2021 as the date for a hearing in State Court, by which date RELX was required to file an answer to the Complaint.

10. The Complaint alleged that RELX, through Mr. Hintz "acting within the course and scope of his employment, agency, or independent contractor status" with RELX, placed a small number of telephone solicitation calls to Mr. Holcomb's phone(s). Based on the alleged calls, and on other factual allegations set forth in the Complaint, the Complaint asserted claims for alleged

violations of the TCPA, and under "federal regulations promulgated thereunder," and for alleged violations of the Colorado No-Call List Act.

11. The Complaint bore no case number, nor did the Complaint and Summons give any indication that Mr. Holcomb had filed the Action, or any related action, in State Court. Moreover, upon information and belief, as of the date of this Notice of Removal, the State Court docket shows that Mr. Holcomb has not filed the instant Action in State Court.

12. On September 29, 2021, Mr. Holcomb further served upon RELX's registered agent a first amended summons ("Amended Summons"), setting forth a new hearing date of November 10, 2021. The Amended Summons was accompanied by a letter from Mr. Holcomb to RELX dated September 29, 2021 ("Letter"), noting that the Action had not yet been filed in State Court, and representing Mr. Holcomb's intention to file the Complaint in the State Court on or about October 25, 2021.

13. In the Letter, Mr. Holcomb stated that "[t]he individual named as a defendant has not been served and . . . there is no plan to serve or inform that person if all matters are settled."

14. No further proceedings have been held.

### III.  PROCEDURAL COMPLIANCE WITH THE REMOVAL STATUTE

15. This Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b) because the Action was commenced, and this Notice of Removal has been filed within thirty days after and RELX was served with a copy of the Summons and Complaint.

16. Although the Complaint has not yet been filed in the State Court, this Notice of Removal is nonetheless proper because the Supreme Court has held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

17. Furthermore, Rule 3, Colorado Rules of Civil Procedure, indicates that an action may be commenced by either filing a complaint, or service of the complaint and summons without its filing. C.R.C.P. 3(a)(1)-(2). Thus, the Action was commenced on September 16, 2021 when it was served on Defendants even though the Action had not been filed in State Court.

18. Accordingly, a defendant's procedural right to remove is tied to the date of service of the complaint and summons, independently of when the complaint and summons are filed in state court. *See Dustin v. Meridian Fin. Servs.*, No. C17-1087-JCC, 2017 U.S. Dist. LEXIS 141234, at *4-5 (W.D. Wash. Aug. 31, 2017) (citing *Murphy Bros.*, 526 U.S. at 348) ("Filing a lawsuit in state court is not a condition precedent to its removal to federal court.").

19. This Notice of Removal is being filed within thirty days of service of the Complaint and Summons, and is therefore proper.

20. The names of the unknown defendants listed in the Complaint caption, "John Does 1-2" and "Jane Does 1-2," are "not known" and therefore those defendants have not been served with the Complaint and Summons.

21. As of the date of filing this Notice of Removal, Mr. Hintz had not been served with the Complaint and Summons. Nevertheless, Mr. Hintz may properly remove the case to this Court as service is not a prerequisite to removal. *See Sutler v. Redland Ins. Co*., No. 12-10656-RWZ, 2012 U.S. Dist. LEXIS 152049, at *5, 2012 WL 5240124, at *2 (D. Mass. Oct. 23, 2012)

("Numerous federal courts have held that formal service is not required before a defendant can remove a case"); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214-15 (D. Haw. 2010) (defendant's filing of notice of removal before being served by plaintiffs did not render removal defective); *Addison v. First Family Fin. Servs.*, No. 4:06CV22LR, 2006 U.S. Dist. LEXIS 47200, at *3-4, 2006 WL 1307948, at *1 (S.D. Miss. May 10, 2006) (stating that service of process need not occur before removal); *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002) ("[S]ervice of process is not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. § 1446.").

22. Because no other defendant besides RELX was served with the Complaint and Summons, the requirement that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal" is satisfied by Defendants' Notice of Removal. *See* 28 USC 1446(b)(1)(2)(A); *McEntire v. Kmart Corp.,* No. CIV 09-0567 JB/LAM, 2010 U.S. Dist. LEXIS 13373, at *12 (D.N.M. Feb. 9, 2010) ("The unanimity rule requires that, 'where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal.'").

23. A district court has subject matter jurisdiction over a plaintiff's claims where those claims "aris[e] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(c)(1)(A).

24. Because Plaintiff's Complaint asserts TCPA claims that arise under the "laws . . . of the United States" pursuant to the provisions of 28 U.S.C. § 1331, the Complaint and forthcoming State Court Action is an action over which this Court has original jurisdiction under

the provisions of 28 U.S.C. § 1331, and is therefore an action that RELX may remove to this Court pursuant to the provisions of 28 U.S.C. 1441(c)(1)(A).

25. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place, El Paso County, Colorado, where the State Court action was commenced.

26. This action is not an action described in 28 U.S.C. § 1445.

27. As required by 28 U.S.C. § 1446(d), RELX will promptly give written notice of this Notice of Removal to Plaintiff. As also required by the statute, RELX is simultaneously filing with the State Court a Notice of Filing Notice of Removal, a copy of which is attached hereto as Exhibit E.

28. This Notice of Removal is being served per the Certificate of Service.

### IV.   RESERVATION OF RIGHTS AND DEFENSES

29. Defendants do not, by virtue of this Notice of Removal, waive any of their rights, defenses or claims, including any claims under C.R.C.P. 3, which provides that "[i]f the complaint is not filed within 14 days, … the court may … tax a reasonable sum in favor of the defendant to compensate the defendant for expense and inconvenience, including attorney's fees, to be paid by the plaintiff or his attorney," but, instead, Defendants expressly reserve all such rights and defenses, including without limitation all defenses to the Complaint.

### V.   CONCLUSION

30. Therefore, Defendants hereby give notice pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, of this removal from the County Court of El Paso County, Colorado, to the United States District Court for the District of Colorado.

7

WHEREFORE, Defendants, RELX, Inc. and Timothy Hintz respectfully request that the instant action be removed to this Court.

October 15, 2021

Respectfully submitted,
**Dinsmore & Shohl LLP**

/s/  Joseph N. Tucker
Joseph N. Tucker (admitted in US District Court, District of Colorado)
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
joseph.tucker@dinsmore.com
Telephone: (502) 540-2300
Facsimile: (502) 585-2207
*Counsel for Defendants RELX Inc.*
*and Timothy S. Hintz*

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Removal is being served on the Plaintiff, John Holcomb, Esq., who is proceeding *pro se*, by providing a copy via electronic mail and by placing a copy of same in the U.S. Mail with appropriate postage affixed thereon to ensure delivery, this 15th day of October, 2021, as follows:

John Holcomb
6050 Stetson Hills Boulevard, #236
Colorado Springs, CO 80923
jholco@gmail.com

/s/  Joseph N. Tucker
*Counsel for Defendants RELX Inc.*
*and Timothy S. Hintz*